UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE ANTHONY HAROLD WALLER.

                                      Case No. 12-50827
                                      Honorable David M. Lawson

_____/

## ORDER DISMISSING MOTION

On May 21, 2012, Anthony Harold Waller filed a motion seeking to have the record of a criminal case in which he has involved sealed and expunged. A summons was never issued, and the motion was not served on the attorney for the government. On February 6, 2013, the Court issued an order for the movant to show cause why the matter should not be dismissed for failure to prosecute. A response to the order to show cause was due on March 8, 2013; the movant did not respond.

Under Federal Rule of Civil Procedure 41(b), the Court has discretion to dismiss a case for failure to prosecute. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted). Local Rule 41.2 provides: "[W]hen it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. The Sixth Circuit has instructed courts to consider the following four factors in determining whether dismissal is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

> dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah*, 261 F.3d at 589. "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "'[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process.'" *Id*. (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)).

The movant's motion has been pending for more than eight months. The movant has not presented the Clerk of Court with a summons for the Clerk's signature and seal pursuant to Federal Rule of Civil Procedure 4 or attempted to serve the attorney for the government with the summons and motion in accordance with Rule 4(c). Nor has the movant responded to the Court's order to show cause. The Court believes that dismissal under Rule 41(b) is appropriate.

Accordingly, it is **ORDERED** that this matter is **DISMISSED** for failure to prosecute.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 11, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 11, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL